UNITED STATES DISTRICT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID JOSEPH OSINSKI,<br><br>Defendant. | Case No.: 2:22-CR-0070-TOR<br><br>PROTECTIVE ORDER |

The United States of America, having applied to this Court for a Protective Order regulating disclosure of the discovery materials and the confidential medical information contained therein (the "Discovery") to defense counsel in connection with the Government's discovery obligations, and the Court finding good cause therefore, **IT IS HEREBY ORDERED**:

   1.   The United States' Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information (ECF No. 22) is **GRANTED**.

   2.   The United States is authorized to disclose the discovery and sensitive information materials, specifically, documents related to the issuance of search warrants and documents and information responsive thereto (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.

   3.   Government personnel and counsel for Defendant, shall not provide, or make available, the sensitive information in the Discovery to any person except as

PROTECTIVE ORDER ~ 1

1 specified in the Order or by approval from this Court.  Counsel for Defendant, and
2 the Government shall restrict access to the Discovery, and shall only disclose the
3 sensitive information in the Discovery to their client, office staff, investigators,
4 independent paralegals, necessary third-party vendors, consultants, and/or
5 anticipated fact or expert witnesses to the extent that defense counsel believes is
6 necessary to assist in the defense of their client in this matter or that the Government
7 believes is necessary in the investigation and prosecution of this matter.  No copies
8 of Discovery shall be left with their client.

9      4. Third parties contracted by the United States or counsel for Defendant,
10 to provide expert analysis or testimony may possess and inspect the sensitive
11 information in the Discovery, but only as necessary to perform their case-related
12 duties or responsibilities in this matter.  At all times, third parties shall be subject to
13 the terms of the Order.

14      5. Discovery in this matter will be available to defense counsel via access
15 to a case file on USA File Exchange.  If necessary to review discovery with their
16 respective clients, defense counsel may download the discovery and duplicate only
17 once.  Discovery materials may not be left in the possession of Defendant.  In order
18 to provide discovery to a necessary third-party vendor, consultant, and/or anticipated
19 fact or expert witness, counsel for Defendant may duplicate the discovery only once.
20 No other copies may be made, by defense counsel or the defendants, without prior
21 approval from this Court.

22      6. All counsel of record in this matter, including counsel for the United
23 States, shall ensure that any party, including the Defendant, that obtains access to
24 the Discovery, is provided a copy of this Order.  No other party that obtains access
25 to or possession of the Discovery containing sensitive information shall retain such
26 access to or possession of the Discovery containing sensitive information shall retain
27 such access to or possession unless authorized by this Order, nor further disseminate
28 such Discovery expect as authorized by this Order or the further Order of this court.

PROTECTIVE ORDER ~ 2

Any other party that obtains access to, or possession of, the Discovery containing discovery information once the other party no longer requires access to or possession of such Discovery shall promptly destroy or return the Discovery once access to Discovery is no longer necessary. For purposes of this Order, "other party" is any person other than appointed counsel for the United States or counsel for Defendant.

7. All counsel of record, including counsel for the United States, shall keep a list of the identity of each person to whom the Discovery containing sensitive information is disclosed and who was advised of the requirements of this Order. Neither counsel for Defendant nor counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

8. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for Defendant shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

9. Government personnel and counsel for Defendant shall promptly report to the Court any known violations of this Order.

10. The proposed Protective Order submitted by the Government only applies to "sensitive information" pertaining to the search warrants sought and obtained by the Government and records responsive thereto.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

DATED October 6, 2022.



THOMAS O. RICE  
United States District Judge

PROTECTIVE ORDER ~ 3